UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BILL SNIDER,

          Plaintiff,

    v.                                 CAUSE NO. 3:19-CV-49-DRL-MGG

STATE OF INDIANA,

          Defendants.

OPINION AND ORDER

Bill Snider, a prisoner without a lawyer, filed a complaint against twelve defendants alleging they violated his federal constitutional rights to convict him and sentence him to 50 years in prison on four counts of child molestation. Pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. The court applies the same standard as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. Nevertheless, a *pro se* complaint must be liberally construed "however inartfully pleaded." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Snider alleges that his federal constitutional rights were violated by Deputy Prosecutors Lindke and Schalliol, Judges Marnocha and Frese, Attorneys Mario Joven and Mark Lenyo, Deputy Attorney General Meilaender, the Deputy Attorney Generals who were responsible for writing response briefs to his direct appeal and post-conviction appeal, the Indiana Court of Appeals judges

who presided over his direct appeal and post-conviction appeal, former Indiana Governor Mike Pence, and Indiana Governor Eric Holcomb. ECF 1 at 1-3.

In his complaint, Mr. Snider raises a myriad of allegations against the defendants claiming they violated his Fifth, Eighth, and Fourteenth Amendment rights. First, he alleges that Deputy Prosecutor Lindke violated his constitutional rights when she lied about the probable cause evidence for purposes of securing an arrest warrant and tampering with a key witness. ECF 1 at 4-5. Second, he asserts that, during the post-conviction proceedings, Deputy Prosecutor Schalliol failed to correct an error concerning one of the victim's ages and made false and misleading statements in his response briefs to cover up the age discrepancy. *Id.* at 6. Third, Mr. Snider contends that Judge Marnocha refused to grant his motion to correct the errors in the state's case and modify his sentence, which imposed consecutive, rather than concurrent sentences. *Id.* at 7. Fourth, he asserts that Judge Frese "purposefully avoided the adjudication" of his post-conviction petition for nine years by refusing to respond to motions until he filed a habeas corpus petition. *Id.* at 8. Mr. Snider says, at his post-conviction hearing, Judge Frese refused to allow him to present his issues, allowed only the prosecutor to brief him on the issues, and permitted him to answer questions. *Id.* Thus, he states that the actions of Judge Frese were prejudicial and negatively impacted the appeals process. *Id.* at 9.

For the remaining defendants, Mr. Snider asserts that Attorney Mark Lenyo violated his constitutional rights because he failed to properly present his case during his appeal "due to the overbooking of clientele." *Id.* at 10. He next states that the Indiana Court of Appeals judges violated his due process and equal protection rights by relying on the "false narratives" presented in the Deputy Attorney Generals response briefs. *Id.* at 9-10. Mr. Snider also claims that Attorney Mario Joven violated his constitutional rights because, after taking three years to review his case, he determined that his case had no meritorious issues. *Id.* at 11. Furthermore, he alleges that former Indiana Governor Mike Pence and Indiana Governor Eric Holcomb violated his constitutional rights by failing to

provide adequate funding to protect its citizens from errors in the State's criminal justice system and by giving too much power and discretion to prosecutors. *Id.* at 12-13.

To the extent Mr. Snider is challenging his confinement and seeking release from prison, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). While this court expresses no opinion on whether Mr. Snider should file a habeas petition, to the extent he is seeking relief only available through a habeas petition, he needs to file a habeas petition in a separate case. The clerk will send him a blank conviction habeas form and *in forma pauperis* form for his use, if he decides to file a habeas petition challenging his conviction.

Mr. Snider also seeks compensatory and punitive damages as a result of these alleged wrongs. "[A] state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." *Edwards v. Balisok*, 520 U.S. 641, 643 (1997). Because a favorable ruling on these claims would necessarily imply that Mr. Snider's conviction and sentence were invalid, this claim for monetary damages must be dismissed.

Although it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed *sua sponte*, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Such is the case here. Therefore, he will not be permitted to file an amended complaint.

As a final matter, Mr. Snider has filed a motion asking that the defendants be served (ECF 20). Because his complaint is being dismissed, this is unnecessary and his motion will be denied.

For these reasons, the court:

(1) DISMISSES this case pursuant to 28 U.S.C. § 1915A because the complaint does not state a claim;

(2) DIRECTS the clerk to send Bill Snider a blank habeas corpus petition, AO-241 (Rev. 9/17) (Conviction, INND Rev. 2/20) and a blank prisoner in forma pauperis petition; and

(3) DENIES Bill Snider's motion to serve the defendants (ECF 20).

SO ORDERED.

March 11, 2020                                   *s/ Damon R. Leichty*
                                                Judge, United States District Court