UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BILL SNIDER,

        Plaintiff,

v.                             CAUSE NO. 3:19-CV-49-DRL-MGG

STATE OF INDIANA *et al.*

        Defendants.

OPINION & ORDER

On January 24, 2019, Bill Snider, a prisoner without a lawyer, filed this *pro se* civil rights case under 42 U.S.C. § 1983. ECF 1. On March 11, 2020, the court dismissed his complaint because it failed to state a claim. ECF 25. On April 8, 2020, Mr. Snider filed a motion for rehearing asking the court to reconsider the dismissal.[1] ECF 28.

In the March 11, 2020 dismissal order, the court determined that Mr. Snider's allegations that his federal constitutional rights were violated during his direct appeal and post-conviction appeal of his criminal case where he was found guilty of four counts of child molestation and sentenced to fifty years of imprisonment failed to state a claim. ECF 25 at 1-3. Specifically, Mr. Snider alleged in his complaint that the defendants, who were state deputy prosecutors, state deputy attorney generals, defense attorneys, state trial court and appellate judges, and both the former and current Indiana governors,

---

[1] While Mr. Snider has not labeled his motion as a Rule 59(e) motion, the court construes it as a Rule 59(e) motion because he filed it within 28 days of entry of the judgment and asks the court to reconsider its March 11, 2020 order dismissing his complaint. Fed. R. Civ. P. 59(e); *Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 666 (7th Cir. 2014).

committed a myriad of errors, which negatively impacted or interfered with his ability to defend against his criminal charges during his appeals. *Id*. at 2-3. In light of the alleged errors, he claimed that the defendants failed to provide an adequate process for identifying and correcting errors or flaws in the state's criminal justice system, which ultimately deprived him of his Fifth, Eighth, and Fourteenth Amendment rights. *Id*.

In its March 11, 2020, dismissal order, the court advised Mr. Snider that:

> To the extent Mr. Snider is challenging his confinement and seeking release from prison, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). While this court expresses no opinion on whether Mr. Snider should file a habeas petition, to the extent he is seeking relief only available through a habeas petition, he needs to file a habeas petition in a separate case. The clerk will send him a blank conviction habeas form and *in forma pauperis* form for his use, if he decides to file a habeas petition challenging his conviction.
>
> Mr. Snider also seeks compensatory and punitive damages as a result of these alleged wrongs. "[A] state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." *Edwards v. Balisok*, 520 U.S. 641, 643 (1997). Because a favorable ruling on these claims would necessarily imply that Mr. Snider's conviction and sentence were invalid, this claim for monetary damages must be dismissed.

ECF 25 at 3. Therefore, the court determined that Mr. Snider could not proceed on his constitutional claims as alleged.

"A court may grant a Rule 59(e) motion to alter or amend the judgment if the movant presents newly discovered evidence that was not available at the time of trial or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact." *Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996). A manifest error "is not

demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation and quotation marks omitted). "A motion for reconsideration performs a valuable function where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). However, "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004).

In Mr. Snider's motion for rehearing, he essentially reasserts the same facts and arguments he presented in his complaint. In other words, the motion for rehearing is simply an attempt to rehash old arguments rather than an attempt to correct a patent misunderstanding or a manifest error of law or fact. Though Mr. Snider claims he is not seeking release from prison and, instead, his "actual claim for relief is the state's failure to provide an adequate process to identify and correct errors within a claim of a wrongful conviction" and he seeks to "punish[] the state for a flawed process," these allegations do not state a cognizable claim for relief. ECF 28 at 2, 4. Further, as stated, the court advised Mr. Snider that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement." *Heck*, 512 U.S. at 481. Here, Mr. Snider has not provided any basis for the court to overturn the judgment in this case. For reasons fully explained in the court's dismissal order (ECF 25), this case was properly dismissed.

As a consequence, there are no new facts or arguments in his motion that warrant disturbing the judgment.

For these reasons, the court DENIES the motion for rehearing (ECF 28).

SO ORDERED.

October 26, 2020	*s/ Damon R. Leichty*
Judge, United States District Court